UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LAWRENCE FAMILY FUND, LLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-240-SDJ |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

This case involves an insurance dispute arising under Texas law. Although the case was originally filed in state court, Defendants Westchester Surplus Lines Insurance Company ("Westchester") and Engle Martin & Associates, LLC ("Engle Martin") removed the action and asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. #1, #15). The parties agree that one Defendant, Frederick Achala, is a non-diverse party, thus ostensibly defeating complete diversity. (Dkt. #15, #17). However, Westchester and Engle Martin maintain that Achala is improperly joined and therefore should be dismissed from the case and disregarded for purposes of establishing diversity jurisdiction. (Dkt. #15 at 4–10). Because the Court finds that Achala is not improperly joined, the Court concludes that complete diversity is lacking and therefore the Court does not have jurisdiction under 28 U.S.C. § 1332. Accordingly, remand is warranted.

### I. BACKGROUND

At issue in this case is Westchester's denial of Plaintiff Lawrence Family Fund LLC's ("Lawrence") insurance claim for theft and damage caused due to a burglary at its vacant commercial property in Denton, Texas. (Dkt. #15-2). Through Defendant

Patrick Burton Insurance Agency, Inc. ("Burton"), Lawrence obtained an insurance policy with Westchester for that property. (Dkt. #15-2 at 8). In August 2020, the building was burglarized, and Lawrence filed an insurance claim with Westchester. (Dkt. #15-2 at 8). Westchester assigned Engle Martin to evaluate the claim, who in turn sent Frederick Achala, a local claims adjuster, to investigate. (Dkt. #15-2 at 8).

During the investigation, Lawrence's trustee, Dr. Troy Lawrence, provided Achala with information about the building and burglary. (Dkt. #15-10 at 1). Dr. Lawrence stated that, when the burglary occurred, the building had no electricity and did not have a functioning alarm system. (Dkt. #15-10 at 1). Based on that information, Westchester denied Lawrence's claim on the basis that there was no burglary alarm system in place at the time of the loss—a requirement under the insurance policy. (Dkt. #15-2 at 8–9).

Lawrence now claims that the building had both electricity and a functioning alarm system at the time of the burglary and that Achala would have discovered this fact had he conducted a reasonable investigation to verify the validity of Dr. Lawrence's statement. (Dkt. #15-2 at 9). Lawrence filed suit in the 16th Judicial District Court of Denton County, Texas against Westchester, Burton, Engle Martin, and Achala claiming that the Defendants engaged in unfair insurance practices in violation of Texas law. (Dkt. #15-2). Among its claims, Lawrence contends that Achala failed to conduct a reasonable investigation and that both Achala and Westchester violated Texas Insurance Code § 541.060(a)(7) by rejecting its claim based on Achala's inadequate investigation. (Dkt. #15-2 at 11).

Westchester and Engle Martin subsequently removed the case to federal court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. #1). Westchester and Engle Martin contend that, while on the face of the pleadings there is not complete diversity between the parties because Lawrence and Achala are both citizens of Texas, the Court nevertheless has jurisdiction because Achala was improperly joined and therefore must be disregarded for the purpose of determining jurisdiction.[1] (Dkt. #15). In support of their improper joinder argument, Westchester and Engle Martin maintain that Lawrence has "no reasonable basis . . . to recover against Achala," and therefore the Court must disregard his citizenship, dismiss him from the case, and exercise jurisdiction over the remaining non-diverse Defendants. (Dkt. #15 at 6). For the reasons that follow, the Court holds that Achala was not improperly joined, and thus concludes that removal was improper.

## II. LEGAL STANDARD

The "starting point" for analyzing claims of improper joinder is the federal removal statute. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). That statute permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). It further provides that suits "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus,

---

[1] The parties do not dispute that the other Defendants—Westchester, Burton, and Engle Martin—are not citizens of Texas, and therefore are diverse. (Dkt. #15, #17). They similarly do not dispute that Lawrence's state court petition satisfies Section 1332(a)'s amount in controversy requirement. (Dkt. #15, #17).

proper joinder must be established for a federal district court to exercise jurisdiction over a removed action.

If a party establishes improper joinder, "the court may disregard the citizenship of that [improperly joined] defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Advanced Indicator & Manufacturing, Inc. v. Acadia Insurance Co.*, 50 F.4th 469, 473 (5th Cir. 2022) (per curiam) (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc)). Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Here, because there is no claim of fraud in the jurisdictional pleadings, only the latter option is in play.

For the latter option, a defendant must show, under a Rule 12(b)(6)-type analysis, "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [non-diverse] defendant in state court." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotations omitted); *see also Advanced Indicator*, 50 F.4th at 473 (quoting *Travis*, 326 F.3d at 646–47) (same). There is a temporal component to this analysis, as the court must determine "the plaintiff's possibility of recovery against that defendant *at the time of removal*." *Advanced Indicator*, 50 F.4th at 473 (quoting *Flagg*, 819 F.3d at 137) (emphasis in original).

"The burden of demonstrating [improper] joinder is a heavy one." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). In deciding whether a non-diverse party was improperly joined, federal courts must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). This is because the practical effect of removal is "to deprive the state court of an action properly before it" raising "significant federalism concerns." *Id.* (quotations omitted). Given these concerns, "[t]he removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82. Thus, "the existence of even a single valid cause of action against a [non-diverse defendant] (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

### III. DISCUSSION

In its state court petition, Lawrence's claims against Achala fall into three categories: (1) unfair insurance practices under Texas Insurance Code Chapter 541; (2) deceptive trade practices under Texas's Deceptive Trade Practices Act; and (3) breach of the common law duty of good faith and fair dealing. (Dkt. #15-2 at 16–20). Westchester and Engle Martin assert that none of these claims against Achala is viable under Texas law, and thus Achala was improperly joined. However, if the Court determines that Lawrence has a possibility of recovery against Achala on even one of these claims, the entire case must be remanded. *See Gray ex rel. Rudd*, 390

F.3d at 412. Because the Court concludes that Lawrence has a viable Chapter 541 claim against Achala, it need not analyze the other causes of action. *Id.*

## A. The Court Looks to Texas Courts' Construction of Chapter 541 of the Texas Insurance Code to Determine Its Application to Adjusters.

At the outset, the Court notes that there has been substantial disagreement among federal district courts as to which provisions of Chapter 541 of the Texas Insurance Code apply to adjusters individually. *Compare, e.g.*, *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724–25 (N.D. Tex. 2014) (finding that an adjuster could not be held liable under Sections 541.060(a)(2) and (a)(7)), *with Exch. Servs., Inc. v. Seneca Ins. Co.*, No. 3:15-CV-01873-M, 2015 WL 6163383, at *4–5 (N.D. Tex. Oct. 16, 2015) (finding that an adjuster could be individually liable under Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7)); *see also Waste Management, Inc. v. AIG Specialty Insurance Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (collecting cases). Some of the disagreement among federal district courts concerning Chapter 541 has been premised on a flawed approach to analyzing this issue of substantive Texas law.

Specifically, some courts have engaged in their own, independent review and interpretation of Chapter 541's provisions when conducting improper-joinder analysis, without any consideration of how the Texas Supreme Court and Texas intermediate appellate courts construe Chapter 541. In doing so, these courts have departed from the well-established principle that, in determining the viability of state law claims against a non-diverse defendant, a federal court "must apply the substantive law of the state in which it sits," *Sommers Drug Stores Co. Emp. Profit*

6

*Sharing Tr. v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)), as enunciated by the State's highest court, or when the State's highest court has yet to speak on the issue—by following the "decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently." *Stoner v. N.Y. Life Ins. Co.*, 311 U.S. 464, 467, 61 S.Ct. 336, 85 L.Ed. 284 (1940) (citations omitted); *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019). Thus, a federal court's improper-joinder analysis involving the application of Texas Insurance Code Chapter 541 must turn on how *Texas courts* have interpreted this Texas statute, not how the federal court would *independently* read the statute. Consistent with this well-established principle, the Court looks to Texas Supreme Court and Texas appellate court decisions regarding Lawrence's Chapter 541 claims against Achala.

**B. Viability of Lawrence's Chapter 541 Claims Against Achala**

The Fifth Circuit and the Texas Supreme Court have both recognized that "Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities."[2] *Gasch*, 491 F.3d at 282 (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998)). And Texas appellate courts have readily applied this directive. *See, e.g.*, *Lon Smith & Assocs., Inc. v. Key*, 527 S.W.3d 604, 622 (Tex. App.—Fort Worth 2017, pet. denied) ("The conduct of a

---

[2] Article 21.21 of the Texas Insurance Code was repealed in 2005 and relevant portions were recodified in Section 541.060 of the Texas Insurance Code. *See Gasch*, 491 F.3d at 280 n.2. The Court follows the Fifth Circuit's instruction that pre-2005 Texas cases discussing Article 21.21 apply to Section 541.060 claims. *See Waste Management*, 974 F.3d at 533 n.3.

7

person acting as an insurance adjuster may violate chapter 541 of the insurance code.").

Here, Lawrence's Chapter 541 claims against Achala are raised under Section 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code. (Dkt. #15-2 at 18–20). The Texas Supreme Court has not specifically addressed the viability of such claims against an adjuster in their individual capacity. However, the Court finds that Lawrence has at least "a single valid cause of action" against Achala under Texas law based on (1) the Texas Supreme Court's reference in *Garrison Contractors* to the possibility of cognizable claims against adjusters under Chapter 541's predecessor statute, *see supra* n.2, (2) Texas intermediate appellate courts' application of Chapter 541 claims to adjusters, and (3) Texas intermediate appellate court decisions that have construed Section 541.060(a)(7) to allow claims against individual adjusters. *Gray ex rel. Rudd*, 390 F.3d at 412.

Texas Insurance Code § 541.060(a)(7) makes it unlawful to "refus[e] to pay a claim without conducting a reasonable investigation with respect to the claim." While some federal district courts have interpreted the language of the statute to imply that only insurance companies may be liable under (a)(7) because only they can "refus[e] to pay a claim," *see, e.g.*, *Messersmith*, 10 F.Supp.3d at 724–25, Texas courts have not taken that position. To the contrary, multiple Texas appellate court decisions confirm that these claims can be brought against individual adjusters. For example, in its *Lon Smith* decision the Fort Worth Court of Appeals concluded that Chapter 541 imposes liability on insurance adjusters in their individual capacity, without distinguishing

8

between different subsections of the statute. *Lon Smith*, 527 S.W.3d at 622. In support of this conclusion, the *Lon Smith* court cited the Fifth Circuit's *Gasch* opinion, the Texas Supreme Court's *Garrison Contractors* decision, as well as two federal district court cases, one of which expressly held that Section 541.060(a)(7) claims are cognizable against individual adjusters and the other of which broadly recognized Section 541.060(a) claims against adjusters. *Id.* (citing *Gasch*, 491 F.3d at 283; *Garrison Contractors*, 966 S.W.2d at 484; *Exch. Servs.*, 2015 WL 6163383, at *4–5 ("The Court concludes that adjusters can be liable under the Code for their roles in refusing to pay an insurance claim without conducting a reasonable investigation under § 541.060(a)(7)."); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *4 n.8, *5, *11 (S.D. Tex. Jan. 20, 2011) (finding that there is "no dispute" that an adjuster could be individually liable under § 541.060(a))).

Again, this Court is not permitted to conduct its own independent review of the applicability of Chapter 541 to insurance adjusters—it must follow the guidance of Texas courts interpreting this Texas statute. The *Lon Smith* opinion unmistakably endorses two federal district court decisions finding cognizable causes of action under Section 541.060(a)—one of which specifically applies to an (a)(7) claim—against individual adjusters, and likewise reads *Garrison Contractors* and *Gasch* for the proposition that Chapter 541 broadly allows for the imposition of liability on an insurance adjuster in his individual capacity. Citing *Lon Smith* and *Garrison Contractors*, Texas's Corpus Christi-Edinburg Court of Appeals reached the same

9

conclusion in *Texas Windstorm Insurance Ass'n v. James*, stating that, "[t]he conduct of a person acting as an insurance adjuster may violate chapter 541 of the insurance code." No. 13-17-00401-CV, 2020 WL 5051577, at *17 n.16 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2020, pet. denied) (citing *Lon Smith*, 527 S.W.3d at 622; *Garrison Contractors*, 966 S.W.2d at 484).

The *Lon Smith* and *Texas Windstorm Insurance Ass'n* courts' reasoning is bolstered by the Dallas Court of Appeals's decision evaluating Section 541.060(a)(7) claims against individual adjusters in *Richardson E. Baptist Church v. Philadelphia Indemnity Insurance Co.*, No. 05-14-01491-CV, 2016 WL 1242480 (Tex. App.—Dallas 2016, pet. denied). In that case, the Dallas Court of Appeals considered the *factual sufficiency* of a Section 541.060(a)(7) claim against an individual adjuster, an analysis that would have been entirely unnecessary if Section 541.060(a)(7) claims could *never* be asserted against adjusters. *See Richardson E. Baptist Church*, 2016 WL 1242480, at *8 (affirming trial court decision granting summary judgment for defendants where plaintiff failed to present evidence that defendant adjuster's investigation was unreasonable under Section 541.060(a)(7)). And there is no doubt that the Dallas Court of Appeals recognizes that certain portions of the Texas Insurance Code are simply inapplicable to adjusters, because in the same opinion the court summarily dismissed a Texas Insurance Code Section 542.003 claim against an adjuster for that very reason, holding that adjusters cannot be individually liable under Section 542.003 as a matter of law. *Id.* at *10 (explaining that, because Section 542.003(a) states that "'[a]n *insurer* . . . may not engage in an unfair claim settlement practice'"

10

and Section 542.003(b) references "'[a]ny of the following acts by an *insurer* constitute[] unfair claim settlement practices,'" it is clear that this provision of the code "regulates the actions of insurers only and not adjusters." (quoting TEX. INS. CODE § 542.003(b)) (emphases in *Richardson E. Baptist Church* decision)).

In sum, although the Court does not have the benefit of Texas Supreme Court precedent addressing the applicability of Section 541.060's provisions to adjusters, it can look to the Texas Supreme Court's construction of Chapter 541's predecessor statute in *Garrison Contractors* to allow claims against adjusters, as confirmed by the Fifth Circuit in *Gasch*. The Court is also guided by the recent decisions of several Texas intermediate appellate courts, which confirm that the assertion of a Section 541.060(a)(7) claim against an adjuster is not barred as a matter of law. In this regard, there is no reason to believe that the Texas Supreme Court would have decided differently from the Texas intermediate appellate courts cited herein, particularly given the relevant guidance last provided by the Texas Supreme Court in *Garrison Contractors*. Indeed, the Court is unaware of any Texas appellate decision holding that an adjuster cannot be individually liable under Section 541.060(a)(7).

Further, to the extent there is any ambiguity in Texas law as to whether an adjuster can be individually liable for a Section 541.060(a)(7) claim, the Court must resolve the ambiguity in favor of remand. *See Gasch*, 491 F.3d at 281; *see also Travis*, 326 F.3d at 648 (describing the fraudulent joinder standard as follows: "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any

11

possibility of recovery against the party whose joinder is questioned.") (internal quotation marks and citation omitted). For these reasons, the Court concludes that, as currently construed by Texas courts, Section 541.060(a)(7) of the Texas Insurance Code allows claims to be made against third-party claims adjusters, not just insurers.[3]

Having found Section 541.060(a)(7) claims against adjusters in their individual capacity legally cognizable under Texas law, the Court must also determine, under a 12(b)(6)-type improper joinder analysis, whether Lawrence has pleaded specific actions "affirmatively taken or omitted by" an adjuster that demonstrate the alleged failure to conduct a reasonable investigation—i.e., whether Lawrence has pleaded sufficient facts. *Watercraft Refinishing, Inc. v. Harco Nat'l Ins. Co.*, No. A-21-CV-01118-LY, 2022 WL 2763146, at *4 (W.D. Tex. Mar. 21, 2022), *report and recommendation adopted*, No. 1:21-CV-1118-LY, 2022 WL 2763151 (W.D. Tex. Apr. 26, 2022). Lawrence's allegations against Achala meet this standard.

In its state court petition, Lawrence alleges that Achala failed to verify, through a physical inspection of the property, Dr. Lawrence's statement that Lawrence's building did not have a functioning alarm system. (Dkt. #15-2 at 9). Lawrence alleges that because of this failure to investigate, Achala incorrectly concluded that the building did not have a functioning alarm system at the time of the burglary, and accordingly Westchester denied Lawrence's insurance claim.

---

[3] Because the Court finds Lawrence has a valid Section 541.060(a)(7) claim against Achala, it need not evaluate Lawrence's other Chapter 541 claims against Achala under Section 541.060(a)(1), (a)(2)(A), (a)(3), and (a)(4).

12

(Dkt. #15-2 at 9). These allegations point to a specific omission in Achala's investigation—namely, his purported failure to independently verify Dr. Lawrence's statement—that plausibly support Lawrence's contention that the investigation was unreasonable. This satisfies the lenient Rule 12(b)(6)-type improper-joinder analysis.[4] *See Great Plains Trust Co.*, 313 F.3d at 313 ("[T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").

Accordingly, since there is at least one claim against Achala that would survive a 12(b)(6)-type analysis, the Court holds that Achala was not improperly joined. As the suit includes a properly joined nondiverse Defendant, the Court does not have original jurisdiction under 28 U.S.C. § 1332 and removal was improper.

---

[4] To the extent Westchester and Engle contend that Dr. Lawrence's misstatement that Lawrence's building had no electricity and did not have a functioning alarm system forecloses Lawrence's ability to meet the 12(b)(6)-type pleading standard, such argument fails. (Dkt. #15 at 9). *First*, Lawrence's Section 541.060(a)(7) claim is entirely predicated on Achala's failure to investigate the validity of Dr. Lawrence's assertions. Thus, Lawrence has sufficiently pleaded that Achala "affirmatively . . . omitted" to conduct a "reasonable investigation." *Watercraft Refinishing*, 2022 WL 2763146, at *4; TEX. INS. CODE § 541.060(a)(7).

*Second*, Westchester and Engle cite *Smallwood* and *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 F.App'x 911, 915–16 (5th Cir. 2009) for the proposition that the Court can "pierce the pleadings and conduct a summary [judgment] inquiry" based on Dr. Lawrence's misstatement. (Dkt. #15 at 9) (quoting *Smallwood*, 385 F.3d at 573; *Anderson*, 342 F.App'x 915–16). But the type of misstatement that *Smallwood* and *Anderson* reference is one in the *pleadings*, where a plaintiff has misstated material facts that would preclude his ability to recover. *Smallwood*, 385 F.3d at 573 (finding that the district court may "pierce the pleadings and conduct a summary inquiry" when a plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder"); *Anderson*, 342 F.App'x 915–16 (same). Such is not the case here. Instead, the supposed misstatements that Westchester and Engle reference are misstatements by a *witness*—Dr. Lawrence—not a misstatement in Lawrence's state court petition. Accordingly, as the circumstances described in *Smallwood* and *Anderson* are not present here, the Court need not conduct a summary judgment inquiry.

## IV. Conclusion

For the foregoing reasons, the Court finds that it lacks jurisdiction under 28 U.S.C. § 1332 and removal is improper under 28 U.S.C. § 1441. Accordingly, it is **ORDERED** that this action is hereby **REMANDED** to the 16th Judicial District Court of Denton County, Texas.

**So ORDERED and SIGNED this 10th day of March, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE